# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIKA L. GRUENERT, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-01811 |
| PALMCO POWER IL, LLC d/b/a INDRA ENERGY, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

NOW COMES ERIKA L. GRUENERT, individually, and on behalf of all others similarly situated, through undersigned counsel, complaining of PALMCO POWER IL, LLC d/b/a INDRA ENERGY, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages as well as injunctive relief for the Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. ERIKA L. GRUENERT ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Oak Park, Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. PALMCO POWER IL LLC, d/b/a INDRA ENERGY ("Defendant") is a limited liability company organized under the laws of Illinois.

7. Defendant has its principal place of business at 8751 18th Avenue, Brooklyn, New York 11214.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## GENERAL ALLEGATIONS

9. Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on door-to-door marketing and outbound telemarketing.

10. Defendant utilizes third party vendors to market its services.

11. Defendant's vendors are essential to its telemarketing and door-to-door sales activities.

12. Defendant's ability to increase revenues depends significantly on its access to high-quality vendors.

13. Defendant is subject to liability under the TCPA for actions of its third party vendors who engage in outbound telemarketing efforts on Defendant's behalf.

14. Defendant's vendors identify themselves and hold themselves out as representatives of "Indra Energy."

15. Upon information and belief, Defendant's outbound telemarketing efforts include the use of automatic telephone dialing systems ("ATDS") to solicit consumers nationwide.

16. The Federal Trade Commission ("FTC") has held that a basic function of an ATDS is the ability to dial thousands of numbers in a short time period.

17. Upon information and belief, Defendant uses technology that has the capacity to produce telephone numbers using a random or sequential number generator in order to contact as many consumers as possible to market its services to.

18. An ATDS allows its telemarketing agents to only communicate with consumers who answer their phone.

19. Consequently, Defendant shifts the burden of wasted time to consumers through its unsolicited calls and messages.

## FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4948.

21. At all times relevant, Plaintiff's number ending in 4948 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

22. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

23. Several months ago, Plaintiff started to receive unsolicited telephone calls from Defendant.

24. These calls were made in an attempt to market Defendant's electric services to Plaintiff.

25. On multiple occasions, Plaintiff answered these calls.

26. Each time, Plaintiff experienced distinctive noticeable pause prior to being connected to Defendant's representative.

27. In February, Plaintiff told Defendant that she was not interested.

28. In February, Plaintiff requested to be removed from Defendant's list.

29. Plaintiff repeated this request on numerous occasions thereafter.

30. Despite Plaintiff's requests, Plaintiff received no less than 20 phone calls from numbers leading back to Defendant – including (331) 244-4811.

31. At no time did the Defendant have Plaintiff's written consent to place these phone calls to Plaintiff's cellular telephone.

32. Defendant's unwanted solicitation phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited telemarketing phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

## CLASS ALLEGATIONS

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> *All persons residing in the State of Illinois: (a) to whom Defendant and/or a third party acting on Defendant's behalf, made one or more non-emergency phone call(s); (b) promoting Defendant's products or services; (c) to their cellular telephone number; (d) using an automatic telephone dialing system or an artificial or prerecorded voice without their consent; and (e) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.*

35. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

36. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

37. On information and belief, Defendant made phone calls to thousands of consumers who fall into the definition of the Putative Class.

38. Members of the Putative Class can be objectively identified from records of Defendant and any affiliated marketers to be gained in discovery.

### B. Commonality and Predominance

39. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class. Common questions for the Putative Class include, but are not necessarily limited to the following:

    A. Whether Defendant used an "automatic telephone dialing system" as defined by TCPA and applicable FCC regulations and orders;

  B. Whether Defendant had prior express written consent to contact Plaintiff and the members of the Putative Class when it placed, or caused to be placed phone calls to their cellular telephones using an automatic telephone dialing system;

  C. Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the members of the Putative Class are entitled to treble damages.

### C. Typicality

40. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability

41. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

44. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

45. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

47. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Violation of 47 U.S.C. § 227 *et seq*.**
**(On behalf of Plaintiff and the Members of Putative Class)**

48. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49. Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A).

50. Under the TCPA consent rules, some types of calls require prior express *written* consent, while other types of calls do not require that the consent be in writing.

51. "Prior express *written* consent" is required for (a) all telemarketing/promotional calls/texts made using an ATDS placed to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.[1]

52. The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an

---

[1] 47 C.F.R. §§ 64.1200(a)(2), (a)(3).

7

ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

53. Defendant placed or caused to be placed no less than 20 unconsented to, non-emergency calls to Plaintiff's cellular telephone number ending in 4948 utilizing an ATDS without Plaintiff's prior express written consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

54. Upon information and belief, based on the noticeable pause Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

55. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

56. Upon information and belief, the system employed by Defendant to place the calls to Plaintiff's cellular telephone produced Plaintiff's telephone number using a random or sequential number generator as Plaintiff never provided her phone number to Defendant.

57. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

58. Upon information and belief, Defendant has no database to maintain and update consumers' contact preferences and consent to call them.

59. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the members of the Putative Class are entitled to receive $500.00 in damages for each such violation.

60. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Plaintiff and the members of the Putative Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

    A.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

    B.    an order finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

    C.    an order enjoining Defendant from placing or causing to place further violating calls to consumers;

    D.    an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

    E.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

    F.    an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Respectfully submitted,

Date: 3/16/2020	**ERIKA L. GRUENERT**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com